WHITE AND WILLIAMS LLP
Erica Kerstein, Esq.
7 Times Square
New York, New York 10036
(212) 868-4837

*Attorneys for Defendant*
*Allied World Assurance Company, Ltd*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | |
|---|---|
| In re: | : **Chapter 11** |
| | : |
| MF GLOBAL HOLDINGS LTD., et al., | : **Case No. 11-15059 (MG)** |
| | : |
| Debtors | : **(Jointly Administered)** |
| | : |

------------------------------------------------------------ x

| | |
|---|---|
| MF GLOBAL HOLDINGS LTD., as Plan Administrator, and MF GLOBAL ASSIGNED ASSETS LLC, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : **Adv. Proc. No. 16-01251 (MG)** |
| ALLIED WORLD ASSURANCE COMPANY, LTD, IRON-STARR EXCESS AGENCY LTD., IRONSHORE INSURANCE LTD., STARR INSURANCE & REINSURANCE LIMITED., and FEDERAL INSURANCE COMPANY, | : |
| | : |
| Defendants. | : |

------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**ALLIED WORLD ASSURANCE COMPANY, LTD'S MOTION TO DISMISS FOR**
**LACK OF PERSONAL JURISDICTION AND IMPROPER SERVICE OF PROCESS**

## **TABLE OF CONTENTS**

SUMMARY ........................................................................................................1

STATEMENT OF FACTS ................................................................................3

    Defendant Allied World .................................................................................3

    The Allied World Excess Policy ....................................................................4

    Plaintiff's Allegations Regarding Jurisdiction .............................................4

    Plaintiffs' Purported Service of Process In Relation To Allied World ...............5

ARGUMENT ...................................................................................................5

I.     THERE IS NO PERSONAL JURISDICTION OVER ALLIED WORLD........................5

    A.    Plaintiffs Have The Burden Of Proof With Respect to Personal Jurisdiction ..............................................................................5

    B.    There Is No General Jurisdiction Over Allied World ..............................6

    C.    There Is No Specific Jurisdiction Over Allied World ..........................10

        1.    Allied World Does Not Purposely Direct Activities Within New York ...............................................................11

        2.    Injury to MFGH In New York Is Insufficient To Establish Specific Jurisdiction Over Allied World ....................................13

        3.    Allied World's Business Relationship with MFGH Does Not Establish Specific Jurisdiction ..................................13

II.    THE COMPLAINT MUST BE DISMISSED FOR IMPROPER SERVICE OF PROCESS ...........................................................................14

    A.    Plaintiffs Failed To Serve Allied World In Accordance With the Requirements Of The Hague Convention ...........................................14

CONCLUSION ...............................................................................................15

18068420v.4

# TABLE OF AUTHORITIES

**Page(s)**

CASES

7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.,
    2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015) .......................................................................12

Amiri v. DynCorp Int'l, Inc.,
    2015 WL 166910 (N.D. Cal. Jan. 13, 2015) ............................................................................9

Anchor v. Novartis Grimsby Ltd.,
    2006 WL 3419846 (W.D.N.Y. Nov. 27, 2006) .....................................................................10

Brown v. CBS Corp.,
    19 F. Supp.3d 392, 398 (D. Conn. 2014)................................................................................9

Brown v. Lockheed Martin Corp.,
    814 F.3d 619 (2d Cir. 2016)....................................................................................................8

Burger King Corp. v. Rudzewicz,
    471 U.S. 462 (1985)...................................................................................2, 3, 10, 11, 12

Chatwal Hotels & Resorts LLC v. Dollywood Co.,
    90 F. Supp. 3d 97, 104 (S.D.N.Y. 2015) ................................................................................9

Daimler AG v. Bauman,
    134 S.Ct. 746 (2014).....................................................................................2, 6, 7, 8, 9, 10

Diamond Mortg. Corp. of Ill. v. Sugar,
    913 F.2d 1233 (7th Cir. 1990) ................................................................................................8

Enron Corp. v. Arora (In re Enron Corp.),
    316 B.R. 434 (Bankr. S.D.N.Y. 2004)....................................................................................7

Goodyear Dunlop Tire Operations, S.A. v. Brown,
    131 S. Ct. 2846 (2011)........................................................................................................6, 7

Hosking v. TPG Cap. Mgmt., L.P. (In re Hellas Telecomms. (Luxembourg) II
    SCA),
    547 B.R. 80 (Bank. S.D.N.Y. 2016) (Glenn, J) .................................................................5, 6

In re Am. Intl. Group, Inc. Sec. Lit.,
    240 F.R.D. 608 (S.D.N.Y 2007) .......................................................................................5, 14

In re Hawker Beechcraft, Inc.,
    486 B.R. 2644 (Bankr. S.D.N.Y. 2013)................................................................................14

18068420v.4

In re Hawker Beechcraft, Inc.,
  86 B.R. ...................................................................................................................15

In re Hellas Telecommunications (Luxembourg) II SCA,
  524 B.R. 488, 506 (Bankr. S.D.N.Y. 2015) (Glenn, J.), adhered to, 526 B.R.
  499 (Bankr. S.D.N.Y. 2015) ....................................................................................7

In re Hunt's Pier Associates,
  156 B.R. 464 (Bankr. E.D. Pa. 1993) .....................................................................15

In Re Magnetic Audiotape Antitrust Litig.,
  334 F.3d 204 (2d Cir. 2003)......................................................................................6

In re State Presence, Inc.,
  2013 WL 209645 (Bank. S.D.N.Y. Jan. 17, 2003) ..................................................6

Ivoclar Vivadent, Inc. v. Ultident, Inc.,
  2005 WL 1421805 (W.D.N.Y. June 15, 2015) .........................................................6

Jacobs v. Brodsky (In re Dewey LeBoeuf LLP),
  2014 Bankr. LEXIS 5218 (Bankr. S.D.N.Y. 2014) ...............................................11

Karoon v. Credit Suisse Grp. AG,
  2016 WL 815278 ......................................................................................................9

Martinez v. Aero Caribbean,
  764 F.3d 1062 (9th Cir. 2014) ..................................................................................9

Mende v. Milestone Tech., Inc.,
  269 F. Supp. 2d 246 (S.D.N.Y. 2003).......................................................................6

Newman v. Capitol Life Ins. Co.,
  45 F. Supp. 3d 376, 378 (S.D.N.Y. 2014) ..............................................................12

Penguin Group (USA) Inc. v. Am. Buddha,
  609 F.3d 30 (2d Cir. 2010).........................................................................................5

Sonera Holding B.V. v. Cukurova Holding A.S.,
  750 F.3d 221 (2d Cir. 2014), cert. denied, 134 S. Ct. 2888, 189 L. Ed.2d 837
  (2014).....................................................................................................................7, 9

Thomas v. Ashcroft,
  470 F.3d 491 (2d Cir. 2006).......................................................................................5

Walden v. Fiore,
  134 S. Ct. 1115 (2014) ..................................................................2, 10, 11, 12, 13

Zoological Society of Buffalo, Inc. v. CarvedRock, LLC,
   2011WL 6329929, at *3 (W.D.N.Y. Oct. 12, 2011), adopted by, 2011 WL
   6329872 (W.D.N.Y. Dec. 19, 2011) ...................................................................................4, 6

**STATUTES**

28 U.S.C. § 1334....................................................................................................................8

Bermuda International Conciliation and Arbitration Act of 1993 ...................................................4

**OTHER AUTHORITIES**

Adv. Dkt. 3............................................................................................................................5

Adv. Dkt., 3-5 ......................................................................................................................15

Adv. Dkt. 1.......................................................................................................................4, 5, 8

Bankruptcy Rule 7004 ............................................................................................................7

Rule 7004(a) of the Fed. R. Bankr. P...................................................................................14

Fed. R. Bankr. P. 7004(a) .................................................................................................14, 15

Rule 7004(b) of the Fed. R. Bankr. P. .................................................................................14

Fed. R. Bankr. P. 7012(b) ...................................................................................................15

Fed. R. Civ. P. 4(f) and 4(h) ...........................................................................................14, 15

Rule 12(b)(2) and 12(b)(5)....................................................................................................15

Rules of the Supreme Court 1985 .....................................................................................14, 15

United States, Rule 7004(b).................................................................................................14

-iv-

## <u>TABLE OF DECLARATIONS AND EXHIBITS</u>

Page(s)

Affirmation of Jan E. Haylett

Exhibit A.........................................................................................................................................4

18068420v.4

Allied World Assurance Company, Ltd ("Allied World") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' claims against Allied World, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5), as incorporated by Fed. R. Bankr. P. 7012(b).[1]  Contemporaneous with this motion, Allied World filed a Motion to Compel Arbitration. We respectfully request that the Court determine the issue of binding arbitration prior to this motion.  Consistent with precedent in this Court, as well as the Supreme Court of the United States and the Second Circuit, Allied World's Motion to Compel Arbitration is a threshold matter that would render this Motion to Dismiss moot.[2]

## SUMMARY

This Court has neither general nor specific jurisdiction over Allied World.  As set forth in the supporting affirmation of Jan E. Haylett, Allied World's Vice President, Bermuda Claims Group, Allied World is an insurance company, located exclusively in Bermuda, which does not conduct insurance business in New York, or anywhere else in the United States.  In fact, Allied World is not licensed to do business in the United States.  Instead, policyholders use brokers

---

[1] Allied World does not consent to the entry of final orders or judgment by the bankruptcy court. See Wellness Int'l Network, Ltd. v. Sharif, 135 S.Ct. 1932, 1937 (2015) (parties may consent to a bankruptcy court's constitutional jurisdiction, only if consent is knowing and voluntary).

[2] See In re Residential Capital, 2016 WL 6155925 (Bankr. S.D.N.Y. Oct. 21, 2016) (granting Bermuda Insurers' motions to compel arbitration, and concluding "that it is appropriate to address the Arbitration Motions as the threshold matter because resolution of those motions will moot in large part the remaining motions").  The Supreme Court of the United States has stated that "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431, (2007).  Courts have relied on Sinochem to order arbitration or some other form of dismissal "immediately" without addressing the issue of personal or subject-matter jurisdiction. See Ramasamy v. Essar Global Ltd., 825 F. Supp.2d 466, 467 at n. 1 (S.D.N.Y. 2011)(relying on Sinochem, Judge Rakoff stated that "because the Court has determined the case should be dismissed in favor of arbitration, it does not reach defendant's motion to dismiss for lack of personal jurisdiction . . ."); Maersk, Inc. v. Neewra, Inc., 554 F. Supp.2d 424, 457 (S.D.N.Y. 2008) (courts are "entitled to dismiss an action more conveniently litigated elsewhere 'immediately'" without going through difficult and costly discovery to determine jurisdiction); Magi XXI, Inc. v. Stato della Citta del Vaticano, 818 F. Supp. 2d 597, 621 (E.D.N.Y. 2011), aff'd sub nom, Magi XXI, Inc. v. Stato della Citta del Vaticano, 714 F.3d 714 (2d Cir. 2013) (bypassing issues of jurisdiction in order to decide arguments regarding forum selection clauses in the parties' contracts, holding "[p]rinciples of judicial economy dictate that the Court should avoid, if possible, the delays associated with discovery"); Burnham Enters, LLC v. DACC Co. Ltd., No. 2013 WL 68923, at *1 (M.D. Ala. Jan. 7, 2013) ("Because the motions to compel arbitration dispose of the matter at this juncture, this opinion will not address the arguments raised in the motions to dismiss, which include challenges to personal jurisdiction").

located in Bermuda to apply for insurance with Allied World. Working with the brokers in Bermuda, Allied World underwrites, binds, issues and receives payment of premium for its policies, including for the policy at issue here, in Bermuda. Allied World also performs its claims analysis outside the United States.

According to the Supreme Court of the United States, a court may only exercise general jurisdiction over a foreign corporation where that corporation's contacts and affiliations "are so continuous and systematic as to render [it] essentially <u>at home</u> in the forum State." <u>Daimler AG v. Bauman</u>, 134 S.Ct. 746, 754, (2014) (emphasis added) (internal citations and quotations omitted). As explained below, Plaintiffs' allegations are insufficient to establish that Allied World has sufficient contacts in the United States for this Court to exercise general jurisdiction over Allied World, pursuant to the standard articulated in <u>Daimler</u>. Rather, Allied World's practice is to conduct its business outside the United States. Accordingly, Plaintiffs' general jurisdiction allegations fail as a matter of law.

According to the Supreme Court of the United States, a court may only exercise specific jurisdiction over a foreign corporation where (1) the corporation purposefully directed its activities at residents of the forum, (2) the cause of action arose out of those activities, and (3) the corporation reasonably should anticipate being hauled into court in the forum state. <u>See Walden v. Fiore</u>, 134 S. Ct. 1115, (2014); <u>Burger King Corp. v. Rudzewicz,</u> 471 U.S. 462, 472, (1985). As explained below, Plaintiffs' allegations are insufficient to establish that Allied World purposely directed activities at residents of the forum, this action arises out of those activities, and Allied World should have anticipated being hauled into court in New York. Rather, Allied World's actions with respect to the Allied World Policy were accomplished in Bermuda, and the

Allied World Policy specifically requires that all disputes arising under the policy be determined in Bermuda. Accordingly, Plaintiffs' specific jurisdiction allegations fail as a matter of law.

Finally, Plaintiffs' attempt to effectuate service of process on Allied World by overnight mail is invalid, because Plaintiffs were required to serve Allied World under the rules of the Hague Convention. For this reason alone, Plaintiffs' complaint should be dismissed.

## STATEMENT OF FACTS

### Defendant Allied World

Allied World is an insurance company formed under the laws of Bermuda and is headquartered in Hamilton, Bermuda. See Haylett Affirmation ("Haylett Aff.") ¶3. Allied World's principal place of business is located at 27 Richmond Road, Pembroke HM08, Bermuda. Id. Allied World has always operated out of Hamilton, Bermuda. Id. Allied World has never been incorporated in, headquartered in, held offices in, or maintained a mailing address in the United States. Id. ¶ 4. Allied World has never had any officers, agents, employees, brokers or other representatives who negotiate, underwrite, issue, deliver, or receive payment for its insurance contracts in the United States. Id. ¶ 5. Allied World works with policyholders in the United States through brokers located in Bermuda. Id. Allied World is not authorized, certified, or licensed to do business in the United States. Id. ¶ 7. Allied World's claims personnel are located in Bermuda (and elsewhere outside the United States) and perform their claims analysis outside the United States. Id. ¶ 6. Allied World typically requires that disputes over coverage under its policies be arbitrated outside the United States. See id. ¶ 8, Ex. A at Section IX. Allied World is a subsidiary of Allied World Assurance Company Holdings, AG, which is incorporated pursuant to the laws of Switzerland. Id. ¶ 9.

18068420v.4

## The Allied World Excess Policy

Allied World issued policy C007357/005 to MF Global Holdings, Ltd. ("MFGH"), with a limit of liability of $15 million excess of $125 million, for the policy period May 31, 2011 to May 31, 2012 (the "Allied World Policy"). Id. ¶ 10, Ex. A at p.1. The Allied World Policy was negotiated, underwritten, issued, delivered and paid for exclusively in Bermuda, through Willis (Bermuda) Ltd. ("Willis"), a Bermuda-based broker that was acting on MFGH's behalf in Bermuda. Id. ¶¶ 12-14. Allied World handled the claim under the Allied World Policy in Bermuda. Id. ¶17. The Allied World Excess Policy negates any duty to defend. Id. ¶ 20, Ex. A at Section VI. The Allied World Excess Policy has a broad and all-encompassing arbitration provision, which provides:

> Any and all disputes arising under or relating to this policy, including its formation and validity, and whether between the Insurer and the Named Insured or any person or entity deriving rights through or asserting rights on behalf of the Named Insured, shall be finally and fully determined in Hamilton, Bermuda under the provisions of the Bermuda International Conciliation and Arbitration Act of 1993 (exclusive of the Conciliation Part of such Act), as may be amended and supplemented, by a Board composed of three arbitrators to be selected for each controversy as follows . . .

Id. at Section IX.

## Plaintiff's Allegations Regarding Jurisdiction

The Adversary Complaint lacks any non-conclusory allegations regarding why this Court has either general or specific jurisdiction over Allied World. Plaintiffs merely allege that "upon information and belief" Allied World:

> markets its insurance policies to the general public and sells a substantial volume of insurance policies to entities and individuals domiciled or conducting business in New York covering risks and liabilities occurring within New York.

-4-

Adv. Dkt. 1, Complaint ¶ 23.   That conclusory allegation is insufficient to establish either general or specific jurisdiction over Allied World.   See Zoological Society of Buffalo, Inc. v. CarvedRock, LLC, 2011WL 6329929, at *3 (W.D.N.Y. Oct. 12, 2011), adopted by, 2011 WL 6329872 (W.D.N.Y. Dec. 19, 2011).

The only other allegation that Plaintiffs make with respect to jurisdiction is that this Court retained broad jurisdiction under the Joint Plan of Liquidation, and has "core" jurisdiction over interpretation of orders of this Court and disposition of the property of the estate.   See Adv. Dkt. 1, Complaint ¶ 19.   As explained below, and in Allied World's Motion to Compel Arbitration, these allegations are also insufficient for this Court to exercise jurisdiction over Allied World.

**Plaintiffs' Purported Service of Process
In Relation To Allied World**

On or about November 3, 2016, Plaintiffs attempted to effectuate service of process on Allied World by requesting that Vito Genna, Clerk of this Court, send the Summons and Complaint via overnight mail to the Dissenting Insurers, including Allied World.   See Adv. Dkt. 3, Haylett Aff ¶ 21.   However, the Hague Convention requires that service be completed through the Bermuda court, under Bermuda law, and Plaintiffs did not do so here.   See In re Am. Intl. Group, Inc. Sec. Lit., 240 F.R.D. 608, 609 (S.D.N.Y 2007).

## ARGUMENT

## I.   THERE IS NO PERSONAL JURISDICTION OVER ALLIED WORLD

### A.   Plaintiffs Have The Burden Of Proof With Respect to Personal Jurisdiction

Plaintiffs have the burden of demonstrating that personal jurisdiction exists over Allied World.   See, e.g., Hosking v. TPG Cap. Mgmt., L.P. (In re Hellas Telecomms. (Luxembourg) II SCA), 547 B.R. 80, at *95 (Bank. S.D.N.Y. 2016) (Glenn, J); Penguin Group (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34 (2d Cir. 2010) ("A plaintiff bears the burden of demonstrating personal

jurisdiction over a person or entity against whom it seeks to bring suit"); Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006) ("In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists"); In Re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) ("plaintiff bears the burden of establishing that the court has [personal] jurisdiction over the defendant"); In re State Presence, Inc., 2013 WL 209645, at *2 (Bank. S.D.N.Y. Jan. 17, 2003) (finding in the Bankruptcy context that "plaintiff must make a prima facie showing that personal jurisdiction exists which can be accomplished through 'legally sufficient allegations of jurisdiction"). Conclusory allegations regarding personal jurisdiction are insufficient.  See Zoological Society of Buffalo, 2011WL 6329929 at *3; Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003); Ivoclar Vivadent, Inc. v. Ultident, Inc., 2005 WL 1421805, at *2 (W.D.N.Y. June 15, 2015).  Plaintiff is required to make a "specific factual showing" to assert personal jurisdiction.  See Zoological Society of Buffalo, 2011WL 6329929, at *3.  As described below, Plaintiffs' conclusory allegations do not meet their burden of proof in demonstrating general jurisdiction or specific jurisdiction over Allied World.

### B.     There Is No General Jurisdiction Over Allied World

Pursuant to the law of the United States Supreme Court, a court may only exercise general jurisdiction over a foreign corporation where that corporation's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum state." Daimler AG V. Bauman, 134 S. Ct. 746, 754 (2014) (emphasis added) (quoting Goodyear Dunlop Tire  Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011)); see also Hosking, 547 B.R. at *96.  In Daimler, plaintiffs asserted that a California court could exercise general jurisdiction over a German corporation based on the California contacts of its U.S. subsidiary. Id. at 752.  The Supreme Court held that the California court could not exercise general

jurisdiction over Daimler based on alleged contacts of is subsidiary within the forum.  Id. at 761.

The Court ruled that, for a court to exercise general jurisdiction over a foreign corporation, its

contacts must be so "continuous and systematic as to render [the defendant] essentially at home

in the forum state." Id. at 754 (emphasis added). The Court held that acts of a subsidiary are

insufficient to render the parent corporation "at home", and that the parent corporation itself is

generally only considered "at home" in the place of incorporation and its principal place of

business. Id. at 760.  The court noted that only in an "exceptional case" would it be appropriate

to subject a foreign corporation to the general jurisdiction of a court in a forum outside of its

place of incorporation or principal place of business. Id. at 761, n. 19 (emphasis added). See also

Sonera Holding B.V. v.  Cukurova Holding A.S., 750 F.3d 221, 226 (2d Cir. 2014), cert. denied,

134 S. Ct. 2888, 189 L. Ed.2d 837 (2014) ("although Daimler and Goodyear do not hold that a

corporation may be subject to general jurisdiction only in a forum where it is incorporated or has

its principal place of business, . . . those cases make clear that even a company's "engage[ment]

in a substantial, continuous, and systematic course of business" is alone insufficient to render it

at home in a forum") (citing Daimler, 134 S. Ct. at 760-61).

In bankruptcy proceedings, because the sovereign exercising jurisdiction is the United

States, not a particular state, minimum contacts with the United States as a whole is reviewed for

purposes of general jurisdiction.  See, e.g., In re Hellas Telecommunications (Luxembourg) II

SCA, 524 B.R. 488, 506 (Bankr. S.D.N.Y. 2015) (Glenn, J.), adhered to, 526 B.R. 499 (Bankr.

S.D.N.Y. 2015) ("[I]n federal question cases . . . no inquiry into a defendant's 'minimum

contacts' with the forum state is needed to exercise jurisdiction pursuant to Bankruptcy Rule

7004; rather, only a federal 'minimum contacts' test is required, whereby the Fifth Amendment's

Due Process Clause limits a bankruptcy court's exercise of personal jurisdiction over a

defendant") (quoting Enron Corp. v. Arora (In re Enron Corp.), 316 B.R. 434, 444 (Bankr. S.D.N.Y. 2004)). "The rationale for this holding is that the sovereign exercising jurisdiction under 28 U.S.C. § 1334 is the U.S., not the particular state in which the federal court is situated." Id. (citing Diamond Mortg. Corp. of Ill. v. Sugar, 913 F.2d 1233, 1244 (7th Cir. 1990) ("Since section 1334 provides federal question jurisdiction, the sovereign exercising its authority over the [defendants] is the United States, not the State of Illinois. Hence, whether there exist sufficient minimum contacts between the [defendants] and the State of Illinois has no bearing upon whether the United States may exercise its power over the [defendants] pursuant to its federal question jurisdiction")).

Plaintiffs do not allege that Allied World is "at home" in the United States.  Nor do Plaintiffs allege that Allied World operates out of or has a place of business or mailing address in the United States.  Plaintiffs' only allegation with respect to general personal jurisdiction over Allied World is that "upon information and belief" Allied World "markets its insurance policies to the general public and sells a substantial volume of insurance policies to entities and individuals domiciled or conducting business in New York covering risks and liabilities occurring within New York." Adv. Dkt. 1, Compl. ¶ 23.  As an initial matter, it should be noted that MFGH, through its Bermuda-based broker, chose to avail itself of insurance coverage through the Bermuda market, and freely chose to purchase a Bermuda form insurance policy.

In any event, according to the Supreme Court and federal courts, a foreign corporation does not have sufficient minimum contacts with the United States—even if it markets in the United States or contracts with entities in the United States—where, as here, it is domiciled and incorporated outside the United States.  See, e.g., Daimler, 134 S. Ct. at 754; Brown v. Lockheed Martin Corp., 814 F.3d 619, 629 (2d Cir. 2016) ("when a corporation is neither incorporated nor

maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case'"); Karoon v. Credit Suisse Grp. AG, 2016 WL 815278, at *7 (in light of Daimler, no jurisdiction over the Credit Suisse defendants, even though one defendant was engaged in continuous business in New York, because defendants were incorporated under Swiss law and each maintained its principal place of business in Zurich); Sonera Holding, 750 F.3d at 226 (Turkish company did not have sufficient minimum contacts under Daimler where it negotiated contracts outside the forum, with a New York-based private equity fund in the forum, contracted with a U.S.-based company to provide television content and touted its connections with the U.S. on its website); Chatwal Hotels & Resorts LLC v.  Dollywood Co., 90 F. Supp. 3d 97, 104 (S.D.N.Y.  2015) (even though the defendants entered into numerous business contracts with New York companies, lack of minimum contacts for exercise of general jurisdiction under Daimler where "none of the defendants is incorporated in New York, and none has its principal place of business in New York", and none had offices, employees bank accounts or property in the forum); Martinez v. Aero Caribbean, 764 F.3d 1062, 1070 (9th Cir. 2014) (insufficient minimum contacts for general jurisdiction under Daimler where French company had multi-million dollar contracts with California companies, sent representatives to California to attend industry conferences, promoted the company's products, met with suppliers, and advertised in trade publications in California); Amiri v. DynCorp Int'l, Inc., 2015 WL 166910, at *5 (N.D. Cal. Jan. 13, 2015) (foreign defendant not "at home" under Daimler even though it contracted with NASA and Marine Corps in the forum, and also had offices and 239 employees in the forum); Brown v. CBS Corp., 19 F. Supp.3d 392, 398 (D. Conn. 2014) (defendant Lockheed's contacts with Connecticut did not

18068420v.4

meet minimum contacts requirements of <u>Daimler</u> where it derived $160 million in revenue from the forum, paid income tax in the forum, and had employees and property located in the forum).

Allied World does not have sufficient minimum contacts with the United States for general jurisdiction under <u>Daimler</u>, because its practice is to handle the sale of insurance products to all of its clients, including U.S. companies, through brokers located in Bermuda, and to negotiate, underwrite, issue, deliver, accept premium for and handle claims under the policies in Bermuda.  <u>See</u> Haylett Aff. ¶ 5.  Moreover, Allied World is the subsidiary of Allied World Assurance Company Holdings, AG, which is domiciled and incorporated pursuant to the laws of Switzerland.  <u>Id.</u> ¶ 9.  Accordingly, <u>Daimler</u> and its progeny require this Court to find as a matter of law that there is no general jurisdiction over Allied World.

### C.    There Is No Specific Jurisdiction Over Allied World

To establish specific jurisdiction, Plaintiff must demonstrate that Allied World "purposefully direct[s] [] activities at residents of the forum" and the cause of action at issue "arise[s] out of or relate[s] to those activities." <u>Burger King Corp.</u>, 471 U.S. at 472 (internal citations and quotations omitted).  To meet due process requirements, a court can only exercise personal jurisdiction over a defendant who has such a connection with the United States that the defendant "should reasonably anticipate being hauled into court there.'" <u>Anchor v. Novartis Grimsby Ltd.</u>, 2006 WL 3419846, at *7 (W.D.N.Y. Nov. 27, 2006) (<u>quoting</u> <u>Burger King Corp.</u>, 471 U.S. at 474).  Accordingly, Plaintiffs are required to allege some act by Allied World evidencing that Allied World "purposefully avails itself of the privilege of conducting activities within" New York.  <u>Id.</u> (<u>quoting</u> <u>Burger King</u>, 471 U.S. at 475).

Under the law of the Supreme Court of the United States, to exercise personal jurisdiction over a defendant, the defendant must have a "substantial connection" with the forum state.  <u>See</u> <u>Walden</u>, 134 S. Ct. at 1121 ("For a State to exercise jurisdiction consistent with due process, the

18068420v.4

defendant's suit-related conduct must create a <u>substantial connection</u> with the forum State") (emphasis added). To determine whether specific jurisdiction is established, the Court in <u>Walden</u> looked first at whether the relationship arose "out of contacts that the 'defendant *himself'* creates with the forum State." <u>Id</u>. at 1122 (<u>citing Burger King</u>, 471 U.S. at 475) (emphasis in original). In other words, the acts or relationship between Plaintiffs and the forum are irrelevant—the "minimum contacts" necessary to satisfy due process must be established by Allied World's own contacts with New York.   Second, the Court in <u>Walden</u>, looked to whether the defendant had "contacts with the forum State itself" not merely contacts with persons who reside there.   <u>Id.</u> at 1122.   <u>See</u> <u>also</u>, <u>Jacobs v. Brodsky (In re Dewey LeBoeuf LLP)</u>, 2014 Bankr. LEXIS 5218 *25-26 (Bankr. S.D.N.Y. 2014).   In other words, Allied World must have other contacts within New York besides with Plaintiffs.   Plaintiffs' allegations cannot establish specific jurisdiction under this standard.

        1.      Allied World Does Not Purposely Direct Activities
                    Within New York

As demonstrated in the Haylett Affidavit, Allied World did not direct <u>any</u> activities with respect to the Allied World Policy in New York (or elsewhere in the United States) because:

- Allied World underwrote the Allied World Policy in Bermuda.  <u>See</u> Haylett Aff. ¶ 12, 15.

- The Allied World Policy was issued and delivered in Bermuda.  <u>Id.</u>

- Allied World used a Bermuda-based insurance broker to deal with the insured in Bermuda.  <u>Id.</u> ¶ 12.

- The premiums for the Allied World Policy were paid by the Bermuda-based insurance broker acting on behalf of MFGH to Allied World exclusively in Bermuda.  <u>Id.</u>

- Allied World did not use or maintain officers, agents, employees, brokers or other representatives within the United States for the Allied World Policy. <u>Id.</u> ¶ 12-13.

- Allied World did not use a United States office, place of business or mailing address with respect to the Allied World Policy. Id. ¶ 15.

- Allied World handled the claims decisions regarding the Allied World Policy in Bermuda. Id. ¶ 17.

- Allied World's insurance policy contains a forum selection clause requiring arbitration in Bermuda. See Haylett Aff., Ex. A, Allied World Excess Policy, Condition IX. Arbitration.

Based on the above, Plaintiffs cannot establish specific jurisdiction over Allied World, under the stringent standard articulated in Walden and Burger King.  See also 7 W. 57th St. Realty Co., LLC v. Citigroup, Inc., 2015 WL 1514539, at *7-11 (S.D.N.Y. Mar. 31, 2015) (no personal jurisdiction over foreign banks where complaint did not demonstrate a connection between the foreign banks' alleged lawsuit-related conduct and New York, because under Walden, the defendants' "suit-related conduct must tie them to New York itself, not just to a plaintiff who happens to reside in New York") (emphasis in original); Newman v. Capitol Life Ins. Co., 45 F. Supp. 3d 376, 378 (S.D.N.Y. 2014) (court lacked personal jurisdiction over insurer because there was no "purposeful availment" of the privilege of conducting business in New York where the court "adduced evidence that it is not and has never been licensed to do business in the State of New York, does not market or sell annuity contracts in New York or to New York residents, and has no office, employees, bank accounts, or property in New York") (internal citations omitted).  Where, as here, Allied World did not direct activities in the forum, but MFGH chose to avail itself of insurance coverage through the Bermuda market, and agreed to a contract which contains a dispute resolution clause mandating that all disputes be resolved outside the United States, there is no specific jurisdiction over Allied World.

-12-

2.      Injury to MFGH In New York Is Insufficient To
Establish Specific Jurisdiction Over Allied World

Even if it was foreseeable that injury could occur in New York, or that injury to Plaintiffs

in fact occurred in New York, that is insufficient as a matter of law to establish specific

jurisdiction under Walden. The Supreme Court in Walden rejected specific jurisdiction on the

ground that harm in the forum was foreseeable. See Walden, 134 S. Ct. at 1124-25 (the fact that

injury to plaintiff in forum was foreseeable does not create sufficient contacts for specific

jurisdiction). Moreover, the fact that injury allegedly caused by a defendant occurred in a forum

does not establish specific jurisdiction. Id. at 1125 ("The proper question is *not* where the

plaintiff experienced a particular injury or effect but whether the defendant's conduct connects

him to the forum in a meaningful way") (emphasis added).  Where, as here, Allied World did not

direct activities in the forum, but MFGH chose to avail itself of insurance coverage through the

Bermuda market, and agreed to a contract which contains a dispute resolution clause mandating

that all disputes be resolved outside the United States, there is no specific jurisdiction over Allied

World.

3.      Allied World's Business Relationship with MFGH
Does Not Establish Specific Jurisdiction

The fact that Allied World may have a relationship with corporations, including MFGH,

that have a connection to the forum, does not establish that Allied World itself has a substantial

connection to the forum. The Court in Walden made clear that for a court to exercise specific

jurisdiction, there must be a "substantial connection" between the "defendant *himself*" and the

forum state. Walden, 134 S. Ct. at 1122 (emphasis in original) ("Put simply, however significant

the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining

whether the defendant's due process rights are violated") (quotations omitted).

18068420v.4

Accordingly, <u>Walden</u> and its progeny require this Court to find as a matter of law that there is no specific jurisdiction over Allied World.

## II.   THE COMPLAINT MUST BE DISMISSED FOR IMPROPER SERVICE OF PROCESS

### A.   Plaintiffs Failed To Serve Allied World In Accordance With the Requirements Of The Hague Convention

Allied World is a non-resident, foreign corporation headquartered in Hamilton, Bermuda. <u>See</u> Haylett Aff. ¶ 3. As such, Plaintiffs' attempts to effectuate service of process on Allied World by mailing the Summons and Complaint to Allied World is legally improper because it fails to adhere to the service rules of this Court and the Hague Convention.

Rule 7004(a) of the Fed. R. Bankr. P. provides that the requirements of Fed. R. Civ. P. 4(f) and 4(h) (service on foreign corporations) also apply in adversary proceedings. Fed. R. Civ. P. 4(f) and 4(h) specifically require service on a foreign corporation to be effectuated in accordance with the Hague Convention. <u>See</u> <u>In re Hawker Beechcraft, Inc.</u>, 486 B.R. 264, 283-284 (Bankr. S.D.N.Y. 2013) (Fed. R. Civ. P. 4(f) and 4(h) requirements that service on a foreign corporation must comply with the Hague Convention apply in bankruptcy court pursuant to Fed. R. Bankr. P. 7004(a)).[3]

The Hague Convention sets forth territorial limits and procedures for effective service of process on a non-resident, foreign corporation, including in Bermuda. <u>See</u> <u>In re Am. Intl. Group, Inc. Sec. Lit.</u>, 240 F.R.D. 608, 609 (S.D.N.Y 2007) (Bermuda is a signatory to the Hague Convention and, therefore, service of process on a Bermuda corporation must be in accordance with the methods authorized by the Hague Convention). The Hague Convention requires service

---

[3] Rule 7004(b) of the Fed. R. Bankr. P. does allow service by first class mail, but <u>only</u> if service is "made within the United States" on a foreign corporation who has an officer or agent in the United States. Because Allied World has no officers or agents in the United States, Rule 7004(b) does not apply and Plaintiffs are bound by Fed. R. Civ. P. 4(f) and 4(h) to serve Allied World in accordance with the Hague Convention. <u>See</u> <u>In re Hawker Beechcraft, Inc.</u>, 486 B.R. at 283 (noting Rule 7004(b) is explicitly limited to service within the United States).

18068420v.4

through a Central Authority of the State. <u>Id.</u> In the case of Bermuda, the Rules of the Supreme Court 1985, require personal service of process. <u>Id.</u> Accordingly, pursuant to the Hague Convention, service on a Bermuda corporation through use of overnight mail is insufficient.

If service is not completed in accordance with the Hague Convention, it is deemed void, and, on that basis alone, the complaint should be dismissed. <u>See</u>, <u>e.g.</u>, <u>In re Hunt's Pier Associates</u>, 156 B.R. 464 (Bankr. E.D. Pa. 1993) (dismissing complaint that was not served in accordance with the Hague Convention procedures); <u>see also</u> <u>In re Hawker Beechcraft, Inc.</u>, 86 B.R. at 283-84.

Here, the Adversary Complaint must be dismissed because Plaintiffs do not purport to have served Allied World under the Hague Convention. Instead, Plaintiffs improperly attempted to serve Allied World by mailing the Summons and Complaint to Allied World in Bermuda. <u>See</u> Adv. Dkt., 3 - 5. Plaintiffs' attempted method of service contravenes the well-recognized requirement under the Hague Convention that, when serving a Bermuda corporation, the documents must be delivered in accordance with the rules of the Supreme Court 1985, which requires personal service. Because Plaintiffs have failed to follow the required service methods under Rule 7004(a) and Fed. R. Civ. P. 4(f) and 4(h), its attempt to effectuate service of process through the Superintendent is legally improper.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Allied World respectfully requests that, pursuant to Rule 12(b)(2) and 12(b)(5) as incorporated by Fed. R. Bankr. P. 7012(b), this Court dismiss all claims asserted by Plaintiffs against Allied World for lack of personal jurisdiction and insufficient service of process, and grant such other and further relief as may be just and proper.

18068420v.4

Dated:    New York, New York
            November 28, 2016

**WHITE AND WILLIAMS LLP**

By:  */s/ Erica Kerstein*
      Erica Kerstein

      White and Williams LLP
      Times Square Tower
      7 Times Square
      New York, NY 10036
      (212) 326-2267

18068420v.4