**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | X : | |
| MF GLOBAL HOLDINGS LTD., *et al.*, | : : | Chapter 11 Case No. 11-15059 (MG) |
| Debtors.[1] | : X | (Jointly Administered) |
| MF GLOBAL HOLDINGS LTD., as Plan Administrator, and MF GLOBAL ASSIGNED ASSETS LLC, | : : : : | |
| Plaintiffs, | : : | Adv. Proc. No. 16-01251 (MG) |
| vs. | : : | |
| ALLIED WORLD ASSURANCE COMPANY LTD., IRON-STARR EXCESS AGENCY LTD., IRONSHORE INSURANCE LTD., STARR INSURANCE & REINSURANCE LIMITED., and FEDERAL INSURANCE COMPANY, | : : : : : | |
| Defendants. | : X | |

**ORDER TO SHOW CAUSE WHY ALLIED WORLD ASSURANCE COMPANY LTD., IRON-STARR EXCESS AGENCY LTD., IRONSHORE INSURANCE LTD., AND STARR INSURANCE & REINSURANCE LIMITED SHOULD NOT <u>BE HELD IN CONTEMPT</u>**

On December 21, 2016, this Court entered a Memorandum Opinion and Temporary Restraining Order (the "TRO," ECF Doc. # 35) restraining and enjoining Allied World Assurance Company, LTD, Ironshore Insurance Ltd., Iron-Starr Excess Agency Ltd., and Starr Insurance & Reinsurance Limited (together, the "Bermuda Insurers") from taking any action to enforce the injunctive orders (the "Injunctive Orders," ECF Doc. ## 7-2, 7-3) issued by the Bermuda Court on November 8, 2016.[2] Specifically, the TRO restrained and enjoined the Bermuda Insurers from taking any action to enforce the following provisions of the Injunctive Orders:

---

[1]    The debtors in the chapter 11 cases (the "Chapter 11 Cases") are MF Global Holdings Ltd.; MF Global Finance USA Inc.; MF Global Capital LLC; MF Global Market Services LLC; MF Global FX Clear LLC; and MF Global Holdings USA Inc. The Court entered an order of final decree closing the chapter 11 cases of MF Global Capital LLC, MF Global FX Clear LLC, and MF Global Market Services LLC on February 11, 2016.

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the TRO.

1. [MF Global Holdings, Ltd. ("MFGH"), as Plan Administrator, and MF Global Assigned Assets LLC ("MFGAA," together with MFGH, the "Plaintiffs" or the "MFG Parties")] shall not, whether by themselves or through their employees, servants, agents, representatives, attorneys or otherwise, commence, prosecute or otherwise pursue litigation in the United States insofar as that litigation concerns, arises out of and/or relates to the insurance policy issued to the [Plaintiffs] by the [Bermuda Insurers], Policy No. C007357/005 ("the Policy") including, for the avoidance of doubt, litigation containing allegations of breach of "good faith and fair dealing" relating to the Policy) and/or otherwise breaches the terms of the valid and binding Bermuda arbitration agreement between the [Plaintiffs and the Bermuda Insurers].

2. The [Plaintiffs] shall not, whether by themselves or through their employees, servants, agents, representatives, attorneys or otherwise, seek and/or obtain an anti-suit injunction and/or an anti-anti-suit injunction and/or a temporary, preliminary or permanent order restraining and/or preventing the [Defendant] from pursuing and/or otherwise enforcing the said valid and binding Bermuda arbitration agreement, until trial or further order.

At a hearing in the Bermuda Court on December 22, 2016, the Bermuda Insurers requested and obtained orders, included in paragraph 6 of the Bermuda Court orders, providing that "**any information relating to these proceedings** shall <u>not</u> be published by the [MFG Parties], or disclosed to third parties, without further Order of [the Bermuda Court] (on notice to the [Bermuda Insurers]) or express written agreement of the [Bermuda Insurers]." (bold emphasis added, underlined emphasis in original). As a result of this provision in the Bermuda Court orders, the Plaintiffs have requested leave to file all pleadings in support of their position under seal. Under Bankruptcy Code section 107(b), sealing of court pleadings is an extraordinary remedy. The Bermuda Insurers, by seeking and obtaining this provision in the Bermuda Court orders, have attempted to prevent this Court from laying out on the public record the manner in which the Bermuda Insurers have attempted to block fair consideration of the issues properly to be decided by this Court. The Plaintiffs' request to seal is **GRANTED** on an interim basis, subject to further order of the Court, *except to the extent that this Court quotes from the Bermuda Insurers pleadings filed in the Bermuda Court, and the Bermuda Court orders, which form the basis for this Order to Show Cause Why The Bermuda Insurers Should Not Be Held in Contempt,*

2

*as to which the request to seal is **DENIED**.*

On December 22, 2016, the Bermuda Insurers filed the *Plaintiffs' Combined Skeleton Argument for the Hearing on 22 December 2016* with the Bermuda Court (the "Skeleton Argument").[3] In their Skeleton Argument, the Bermuda Insurers expressly request certain relief from the Bermuda Court, including:

> 12.1   An Order that the [Bermuda Insurers] be granted leave to amend the Originating Summonses in these proceedings, pursuant to RSC Order 20 rules 5 and 7, to include a further or alternative claim for permanent injunctive relief, in the form of a permanent injunction <u>mandating</u> the [Plaintiffs], acting by themselves and/or acting through their employees, servants, agents, representatives, and attorneys, to terminate, discontinue, withdraw and/or to apply forthwith to dismiss (without prejudice) the Adversary Complaint proceedings commenced by the [Plaintiffs] against the [Bermuda Insurers] in the United States Bankruptcy Court, Southern District of New York, Case No: 11- 15059 (MG), Adv. Proc. No: 16-01251 (MG) ("the Adversary Proceedings");
>
> 12.2   An interim injunction <u>mandating</u> the [Plaintiffs], acting by themselves and/or acting through their employees, servants, agents, representatives, and attorneys, to terminate, discontinue, withdraw and/or to apply forthwith (i.e. within the next 28 days) to dismiss (without prejudice) the Adversary Proceedings (as defined above).

(Skeleton Argument ¶¶ 12.1, 12.2) (emphasis in original.)  The Bermuda Court subsequently entered two orders (the "December 22, 2016 Orders") in the Bermuda proceedings initiated by (i) Allied World Assurance Company LTD, and (ii) Ironshore Insurance Ltd., Starr Insurance & Reinsurance Limited, and Iron-Starr Excess Agency, Ltd..[4] The December 22, 2016 Orders provided in relevant part that:

> 1. The [Bermuda Insurers] shall be granted leave to amend the Originating Summons in these proceedings, pursuant to RSC Order 20 rules 5 and 7, in the form of the draft Amended Originating Summons included in Exhibit JEH-3, to include a further or alternative claim for permanent injunctive relief, in the form of a permanent injunction mandating the [Plaintiffs], acting by themselves and/or acting through their employees, servants, agents, representatives, and attorneys, to

---

[3]   The Skeleton Argument, which expressly references the TRO, was submitted to the Bermuda Court by Sedgwick Chudleigh Ltd., attorneys for the Bermuda Insurers, and is dated December 22, 2016.  (Skeleton Argument at p. 14.)

[4]   The December 22, 2016 Orders were issued by Chief Justice Kawaley of the Supreme Court of Bermuda, Civil Jurisdiction (Commercial Court) in the proceedings denoted as "2016: No. 393" and "2016: No. 394."

> terminate, discontinue, withdraw and/or to apply forthwith to dismiss (without prejudice) the adversary proceedings commenced by the [Plaintiffs] against the [Bermuda Insurers] in the United States Bankruptcy Court, Southern District of New York, Case No: 11-15059 (MG), Adv. Proc. No: 16-01251 (MG) ("the Adversary Proceedings"), with associated relief.
>
> 2. The [Plaintiffs] shall, and are hereby mandated on an interlocutory basis, acting by themselves and/or acting through their employees, servants, agents, representatives, and attorneys, to terminate, discontinue, withdraw and/or to apply forthwith (i.e. within the next 28 days) to dismiss (without prejudice) the adversary proceedings commenced by the [Plaintiffs] against the [Bermuda Insurers] in the United States Bankruptcy Court, Southern District of New York, Case No: 11-15059 (MG), Adv. Proc. No: 16-01251 (MG) ("the Adversary Proceedings"). For the avoidance of doubt, this interlocutory injunction shall remain in force until final determination of the [Bermuda Insurer's] Originating Summons, or until further Order of this Court, save that the [Plaintiffs] shall be at liberty to apply to this Court to set aside or vary the terms of paragraph 2 of this Order on at least 48 hours' written notice to the [Bermuda Insurers].

(December 22, 2016 Orders ¶¶ 1–2.)

**NOW, THEREFORE**, Allied World Assurance Company Ltd., Ironshore Insurance Ltd., Starr Insurance & Reinsurance Limited, and Iron-Starr Excess Agency Ltd. shall show cause at a hearing to be held at 2:00 P.M., January 4, 2017, why they should not be held in contempt of court for violating the TRO entered by this Court on December 21, 2016, by requesting the above-referenced relief before the Bermuda Court. The Bermuda Insurers shall file any written response to this Order to Show Cause on or before 10:00 A.M., January 3, 2017. Any facts or argument not included in the written response will not be considered by the Court at the January 4, 2017 hearing. At the hearing on January 4, 2017, the Court will consider whether to impose sanctions for contempt including, but not limited to, any of the following: monetary sanctions, the striking of the Bermuda Insurers' pleadings in this Adversary Proceeding, and the entry of default judgments against them in this Adversary Proceeding.

The Preliminary Injunction Hearing, set in this adversary proceeding for 2:00 P.M. on January 4, 2017, will also go forward as scheduled.

Counsel for Plaintiffs shall promptly serve a copy of this Order on all parties to this action, and shall file a certificate of service.

**IT IS SO ORDERED.**

Dated:   December 29, 2016
         New York, New York

                                        ___*Martin Glenn*___
                                        MARTIN GLENN
                             United States Bankruptcy Judge